# ZANGARI COHN
## CUTHBERTSON DUHL & GRELLO P.C.
### NEW HAVEN · HARTFORD · PROVIDENCE

Glenn A. Duhl · Direct Dial: (203) 786-3709 · Cell: (203) 623-1465 · gduhl@zcclawfirm.com
Management-side employment law and litigation.   New Haven Office.

June 16, 2020

**BY ECF**
Hon. Philip M. Halpern
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007-1312

Re:   **Black Rock Truck Group, Inc. v. Harry Tarasiewicz, Joseph Tarasiewicz, and Frank's Truck Center, Inc.
U.S.D.C., S.D.N.Y., Civ. Docket No. 7:19-cv-2367-PMH**

Dear Judge Halpern:

Plaintiff Black Rock Truck Group, Inc. ("Black Rock"), hereby responds to the June 12, 2020 Letter-Motion for a pre-motion discovery conference by Defendants Harry Tarasiewicz and Joseph Tarasiewicz. (Doc. 103). While we always welcome a conference with the court, in this instance, we do not believe one is warranted.

Plaintiff and its counsel searched for documents pertaining to the issues in this case. Plaintiff served Requests for Admissions on Defendants including requests about an email dated October 5, 2016. Plaintiff subsequently discovered the email had not been sent, as it may have only been a draft—Plaintiff's counsel then withdrew the Requests for Admissions related to that email and informed Defendants' counsel that the draft would not be used for any purpose. *See* Ex. A, B.

Defendants' counsel then requested the original email. Plaintiff's counsel, with forensic consultants, has endeavored to secure this email. The draft version cannot be found, except as forwarded in an attorney-client privileged email to undersigned counsel on April 3, 2019, which

WWW.ZCCLAWFIRM.COM

59 ELM STREET, SUITE 400, NEW HAVEN, CT 06510  203.789.0001
750 MAIN STREET, SUITE 902, HARTFORD, CT 06103  860.380.5323
935 JEFFERSON BOULEVARD, SUITE 3001, WARWICK, RI 02886  401.244.9048



**ZANGARI COHN**
**CUTHBERTSON DUHL & GRELLO P.C.**
NEW HAVEN · HARTFORD · PROVIDENCE

Hon. Philip M. Halpern    June 16, 2020    Page 2 of 3

we have explained that due to the privilege, it can only be produced to the court in-camera, as we are willing to do. *See* Ex. C. Plaintiff's forensic consultant has stated that the attorney-client privileged email does not contain information about whether the additional paragraph was added in or about October 2016, or more recently in or about April 2019. We have informed Defendants' counsel that they are free to ask questions of our client representatives in a deposition about the draft, excepting only privileged communications had with counsel. *See* Ex. C. Unfortunately, Defendants' counsel seek to escalate this event into a major distraction.

Defendants' Letter-Motion glosses over the key facts that Black Rock has withdrawn the exhibit in question, that it did so of its own volition, and that it never sought to use it in any fashion other than asking Defendants to confirm its authenticity. It was not advanced to the court in a motion or any brief. And, moreover, Black Rock has reiterated that it does not intend to use it in any way, as it has no probative value as a draft.

Black Rock has also stated it would produce the email in question in native format, if Defendants could suggest a way to do so without waiving the attorney-client privilege. *See* Ex. B. Defendants' only suggestion thus far has been that Black Rock produce the email to Defendants' forensic consultant, who would promise not to reveal the attorney-client communications contained therein. We maintain that this suggestion is inconsistent with our obligation to protect the attorney-client privilege and may very well constitute a waiver. Instead, we have been exploring options with our own outside forensic consultants, but have been unable to find any way other than presenting it to the court, should Defendants' counsel insist, for an in-camera inspection

## ZANGARI COHN
### CUTHBERTSON DUHL & GRELLO P.C.
NEW HAVEN · HARTFORD · PROVIDENCE

Hon. Philip M. Halpern   June 16, 2020   Page 3 of 3

to confirm what we already believe to be the facts, that is, there is no way to determine the date of its creation.

Defendants contend Black Rock's statement that the email may have been a draft is baseless, even though Black Rock's counsel explained—and demonstrated to Defendants' counsel—how such a draft may be created. After sending the email attached as Exhibit 3 to Defendants' Letter-Motion, Mr. McConnell could have intended to forward the sent email. After clicking forward, he could also have added the additional paragraph then, rather than sending the email, and saved it in his drafts folder.

Defendants' fixation on this email is an attempt to distract from the main issues in this case. This is not a situation like *Malone v. Weiss*, No. 17-1694, 2018 U.S. Dist. LEXIS 129606, at *3 (E.D. Pa. Aug. 1, 2018), where the plaintiffs intentionally presented doctored documents to the court as authentic. Here, in contrast, Black Rock, believing the email was sent to Defendants, asked them to confirm that it was sent through a Request for Admissions. When Black Rock discovered that the email likely was not sent, it alerted Defendants to that fact and withdrew the Requests for Admissions related to it.

We look forward to discussing these matters further with the Court should it choose to set a pre-filing conference. Thank you.

Respectfully,
/s/ Glenn A. Duhl

---

The Court is in receipt of Defendants' letter dated June 9, 2020, which the Court construes as a request for permission to move to amend Defendants' counterclaims (Doc. 102), and Plaintiff's opposition thereto (Doc. 104). Additionally, the court is in receipt of Defendants' letter dated June 12, 2020 requesting permission to move to compel certain discovery and for sanctions (Doc. 103), and Plaintiff's opposition thereto (Doc. 105). The Court shall hold a conference on June 25, 2020 at 2:00 p.m. to discuss Defendants' requests to move. At the time of the scheduled conference all parties shall call (888) 398-2342; access code: 3456831. The Clerk is instructed to terminate ECF Nos. 102 and 103.

Dated: New York, NY
June 17, 2020

SO ORDERED.

_____
Philip M. Halpern, U.S.D.J.