UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Black Rock Truck Group, Inc.,

                                Plaintiff,

- *against* -

Tarasiewicz et al.,

                                Defendants.

**CORRECTED ORDER**

19 Civ. 2367 (PMH)(PED)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/20

**PAUL E. DAVISON, U.S.M.J.:**

    At the conclusion of a hearing on July 29, 2020, the Court reserved decision concerning the discovery disputes set forth in counsel's letters dated June 30, 2020 and July 7, 2020. [Dkts. 112, 116.] The Court also directed plaintiff's counsel to submit certain emails to the Court for *in camera inspection*. Counsel complied with that directive on July 30, 2020, and the Court has reviewed those materials and has considered the arguments of counsel. The Court rules as follows:

    1. Defendant's objection to plaintiff's wholesale designation (in the first instance) of its email production as "Attorney's Eyes Only" is **OVERRULED**. Substantially for the reasons set forth by plaintiff's counsel, the Court finds that, in the circumstances presented here, this procedure promotes the speedy and inexpensive determination of this action.

    2. Defense counsel may disclose "Profit Analysis Sheets" and "Full Runs" to defendants **only in the presence of counsel. Defendants may not make or retain copies of the documents, nor may they retain notes concerning these documents.**

    3. Everett Freeman emails. Plaintiff's objection to searching Mr. Freeman's emails (and producing responsive documents) is **OVERRULED**.

4. Plaintiff's privilege claims as to the nine emails produced for *in camera* review are **SUSTAINED.** As to communications with Lonestar Truck Group, the Court finds that plaintiffs have established the existence of a contractual relationship between Black Rock Truck Group and Lonestar sufficient to support a functional equivalent of an employee exception to waiver of the attorney-client privilege. [Dkt. 116-5.] As to the email forwarded to Mr. McConnel's nephew, Candelario Bryant, the Court finds this communication to constitute attorney work product which remains privileged despite disclosure to a family member. *See Schanfield v. Sojitz Corp. Of Am.*, 258 F.R.D. 21, 216-17 (S.D.N.Y. 2009).

Dated: August 12, 2020
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.