UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Black Rock Truck Group, Inc.,

                           **Plaintiff,**

    - *against* -

Tarasiewicz et al.,

                          **Defendants.**

ORDER

19 Civ. 2367 (PMH)(PED)

**PAUL E. DAVISON, U.S.M.J.**:

    This Order addresses a dispute regarding plaintiff's invocation of attorney-client privilege as to portions of a January 29, 2019 email from Black Rock's president to other Black Rock executives. Because plaintiffs inadvertently disclosed the email, and now seek to withdraw it from their production pursuant to a clawback agreement, defense counsel are familiar with the entire email, and concede that the email is privileged apart from the contested passages. The parties have submitted letter-briefs [Dkt. 140, 146], which have been sealed because they discuss privileged communications. In addition, defense counsel has submitted a copy of the relevant email chain – highlighting the contested passages – to the Court for *in camera* inspection.

    The contested email was responsive to the following inquiry: "What was feedback from attorneys here[?]" The Court notes that, under settled law, "the privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation. *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995)(citing cases). After considering the arguments of counsel and reviewing the contested email *in camera*, the Court readily concludes that the entire email, including the

contested portions, are privileged, substantially for the reasons articulated by plaintiff's counsel. Defendants' application to compel disclosure (or, more accurately, to resist clawback) of the email is, therefore, **DENIED.**

    The Clerk shall close Dkt. 140.

Dated: November 12, 2020
       White Plains, New York

                                **SO ORDERED**

                              Paul E. Davison, U.S.M.J.